CLERK'S COPY

FILED
AT ALBUQUERQUE NM
JUN 16 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CURTIS LEE WATSON,

    Plaintiff,

v.    No. CIV-99-0525 SC/RLP

DONALD DORSEY,
CORRECTIONS CORPORATIONS OF AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). For purposes of this opinion, the complaint consists of the original complaint (Doc. #1), a petition under 28 U.S.C. § 2241 (Doc. #3), and the amended complaint (Doc. #6). Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the



complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff was transferred from an Ohio correctional facility to the Torrance County, New Mexico, Detention Facility on April 23, 1999. The complaint alleges that since Plaintiff's arrival in New Mexico, he has been held in segregation and lockdown, thus being denied "the opportunity to function as a general population inmate," in violation of a number of his constitutional rights as well as certain agreements between the sending and receiving jurisdictions. The file indicates this circumstance is temporary while formal classification proceedings are pending. Plaintiff seeks equitable relief and damages.

No relief can be granted on Plaintiff's claims. Plaintiff has no protected liberty interest in a particular classification, *see, e.g., Bailey v. Shillinger*, 828 F.2d 651, 652 (10th Cir. 1987); *cf. Duffy v. Uphoff*, 108 F.3d 341, 1997 WL 82482 *1 (10th Cir. 1997) (substantive due process may protect inmate from arbitrary changes in classification under a standard of egregious and outrageous conduct) (unpublished table decision), and thus his administrative segregation does not violate the Constitution. Furthermore, placement in temporary lockdown "imposes [no] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). As to the alleged denial of use of the prison law library, Plaintiff alleges no resulting "relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), and this claim will be dismissed.

In view of the dismissal of Plaintiff's federal claims, the Court will decline to exercise supplemental jurisdiction, 28 U.S.C. § 1367(a) & (c), of the state law claims for violation of agreements and regulations. The Court may "decline to exercise supplemental jurisdiction over a

claim...if-- (3) the district court has dismissed all claims over which it has original jurisdiction." § 1367(c). Under § 1367(c)(3), the Court declines to exercise jurisdiction of Plaintiff's state law claim, and the complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motions for leave to proceed in forma pauperis (Doc. #2 & 7) filed May 6 and 21, 1999, are GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's state law claims are DISMISSED without prejudice; otherwise the complaint is DISMISSED with prejudice; and an order of dismissal shall be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE